— It ought not to excite surprise that questions embarrassing to the bench, as well as to the bar, should present themselves upon applications for a revision of the proceedings upon probates of wills, or refusal of probate to instruments offered as wills. The General Assembly, as the situation of our country, and the character of its institutions seemed to require, have from time to time, made important changes in the laws, in relation to the mode of proving wills, the tribunal by which controversies respecting them shall be tried, and the effect of the probate when had; but have been wholly silent as to the proceedings by which those errors, which are incidental to every human *Page 190 
judicature, may be examined and corrected upon probates granted or denied. The profession, is therefore necessarily driven to adopt some mode, which is at the same time, analagous to the established usages before these changes were made, and reconcilable to the state of things induced by these changes. This adaptation of old forms to new laws is among the most delicate and difficult of legal labours. It has not yet been successfully effected upon this subject, and there is reason to fear, that several adjudications must be had, before it can be completely accomplished.
On examining the record before us, the first inquiry which suggests itself, is, did the appeal from the County to the Superior Court of Perquimons, carry up the petition and all the subsequent proceedings thereon, or did it carry up only the issue ordered, after the prayer for the re-probate granted, and the proceedings upon that issue? We can see no reason to doubt, but that it was competent for the defendants to have appealed from the sentence of the County Court, ordering the will to be propounded a second time for probate. It has been the usual course to appeal from such adjudications, and has never been disapproved of. There are obvious conveniences from the practice, for if the adjudication be erroneous, it may be thus reversed without either party incurring the unnecessary expense of witnesses upon the issue. It comes within the fair construction of the act of 1777, (Rev. ch. 115, sec. 75,) which allows an appeal to the Superior Court, "when any person, either plaintiff or defendant, shall be dissatisfied with the sentence, judgment, or decree of the County Court." It is a sentence, materially affecting the subject-matter in contestation; in form final on the point decided; and which the dissatisfied party ought to have an opportunity of reviewing in the appellate tribunal, before it may lead to further mischief. Where the dissatisfied party neglects to appeal from such a sentence, it is not regularly re-examinable in the superior tribunal. All objections thereto which may be waived by not being brought forward in apt time, are waived, and the cause proceeds in the appellate court, as it ought to have proceeded in the court *Page 191 
below, subsequently to that sentence. But we are, nevertheless, of opinion, that when upon a petition for a reprobate, the same has been ordered, and an appeal takes place by either party from the ultimate sentence upon such re-probate, that appeal places the entire cause in the revising court; and it is competent for that court, upon discovering that the cause has never been rightfully constituted, and that, however the facts may be found, it
cannot make a decree for the parties instituting the cause, to dismiss the same altogether. The petition must be regarded as containing the allegations of those propounding the paper, and the ultimate judgment must be founded on the allegations as admitted or proved. If they will not sustain a sentence for the party propounding, the Court is obliged to refuse to him such a sentence. The sentence below for admitting the proofs, directing an issue, is certainly, unless it had been made provisionally, a determination of the court that the allegations proved, that is to say, found on the issue, will entitle the party to a final decree. But though it be a sentence formally final on the point, it is not, and does not purport to be a final sentence on the subject-matter of the petition. And if before a final sentence rendered in the revising court, it should discover a fatal and incurable error in the cause as constituted, the Court is not obliged nor, as we conceive, at liberty, to follow out this error to an injurious consummation.
It does not appear upon what ground the Superior Court ordered the cause to be dismissed. The counsel for the appellees states, that it was done in obedience to what the Court below understood to be the law declared by this court, in the case of Redmond v. Collins, 4 Dev. Rep. 430. In that case, we held that a mistake in a verdict upon an issue made up between the executor, propounding, and the next of kin caveating the will, without fraud or collusion, did not give the legatee a right to repropound it for probate; that the legatee was represented by the executor, claimed through him, was a party by him, and bound by the decree against him. It is impossible for us, to see whether in truth the case under consideration, comes *Page 192 
within the application of the doctrines established in the case referred to. The petition states, that Eliza Harvey was a married woman, who had her husband's permission to make a will, and who, therefore, could rightfully make a testament or will of personalty merely. Independently of the marriage settlement and of the uses and limitations therein declared, her husband, as husband, must have been the only person interested to contest such testament. By virtue of his material rights (not as distributee, as the petition terms him,) all her personal property upon his surviving her, became either absolutely or sub modo his, and her next of kin were wholly without claim to them. But according to the petition, all her property, real and personal, were by that settlement conveyed to a third person, Joseph Cannon, the trustee of the said Eliza and Edmund. What, however, were the uses, trusts or limitations of that conveyance is not set forth, so that we are entirely ignorant to whom, according to the provisions of that settlement, the property was limited in the event of her dying intestate or without appointment. As a married woman, she could make no devise with or without her husband's permission; and however a proper court may give effect to her appointment made under the form of a devise, no court can pronounce the testamentary disposition of a married woman of real estate, the will of such woman. The petition states, that the husband of the deceased, propounded the will for probate, and that an issue was made up, but it does not set forth either the terms of that issue, or the parties between whom it was joined. It could not have been joined between Harvey propounding the will as executor, and Harvey caveating the will as husband. This would have been a solemn farce, and not an attempt to prove the will in solemn form. If it were joined between the executor and theheirs at law, who claimed no interest in the personal property, the finding decided only the matter involved in that issue, and this will not be presumed to be other than that which could rightfully be controverted between these parties, that is to say, an issue of devisavit vel non
— was it a will or not, as to the lands therein attempted to be disposed of. This, to be sure, was *Page 193 
an idle issue. It is impossible for the petitioners, whether that finding be or be not removed out of the way, to establish this instrument as a will of lands. They state upon their petition, and the will shows upon its face, that the supposed testatrix was a married woman, and therefore she could
not devise. The Court of Probate had no power to establish this instrument; nor could the Superior Court of Chowan, if the jury had found the issue there pending, in favour of these petitioners, have given a sentence establishing it, as a will of land. Our act of 1784, Rev. ch. 225, sec. 6,) making the probates of wills testimony for the devise of real estates, has not in any manner altered the law, as to the incapacity of certain persons to devise real estate. The entire jurisdiction over this instrument as an appointment of real estate under the uses, trusts and powers of the marriage settlement, belongs to a different tribunal, which can pronounce it a valid appointment, when satisfied according to its rules for investigating facts, that it has been executed with the solemnities required by that settlement. So far then, as the sentence of dismission applies to the matter in controversy between the petitioners, and the heirs at law, it appears to us to have been right upon the merits, and the petitioners have no cause to complain of it. But the sentence dismissed the petition altogether. Had not the petitioners a right to establish the instrument as a testament? Here we are met with difficulties which put it out of our power to make a decision upon the merits — not because of obscurity in the law — but because the case is so defectively stated as not to show upon what the law is to operate. It may be, that nothing has been done in the first instance rejecting this instrument as a testament, and that what is apprehended as such, may be a mere nullity. It may be, that the propounder of the will, being directly interested to defeat it, he could not be the representative of these petitioners; or that his inattention to interests which he professed to protect, was in law a fraud. Or, on the other hand, it may be that the finding of the issue was between him, as their legitimate representative, and persons entitled to the personal property of the deceased, *Page 194 
in the event of her intestacy. If so, mere inattention on his part, is not necessarily fraud. If so, unquestionably they ought to have an opportunity of contesting the present application for repropounding the testament. It may be, that, after the finding of this issue, an order for appointing an administrator was made; and if so, the administrator should have an opportunity of resisting the petition for calling in his letters. If this Court had a general power over the controversy, it would be disposed to allow such amendments as would remove this uncertainty, and enable it to see what was done in the former alleged attempt to prove the will, and decide what are now the rights of the parties interested. But it acts, although the case is brought before it by appeal, as a Court of Errors, having its attention confined to the record, and bound to render such judgment thereon, as in law ought to have been rendered in the Superior Court. It will not, therefore, dismiss this part of the petition absolutely, or affirm the sentence of the Superior Court in this respect; but declare that the petition, so far as it seeks to repropound the instrument as a testament of chattels, is so defective and informal, that the Court can pass no definitive sentence thereon, and that it be dismissed as informal and defective, and without prejudice to the right of the petitioners to make such an application in due form to the proper court.
The decree below being neither wholly affirmed nor reversed, we shall give no costs to either party in this Court.