That one defendant in a joint judgment against two or more cannot appeal without his codefendants has been settled by many decisions in this Court, one of which has been made recently. Smith v. Cunningham, 30 N.C. 460. The motion made in the County Court to dismiss the appeal of the defendant from that court ought, therefore, to have been granted, but having been refused, could the plaintiffs appeal immediately from the order of refusal, or were they bound to wait until a final judgment was rendered against them? The question arises upon the act of 1777 (Rev. St., ch. 4, sec. 1), which provided that "when any person, either plaintiff or defendant, or who shall be interested, shall be dissatisfied with the sentence, judgment or decree of any county court," he may appeal therefrom to the next Superior Court. Were the (3) question an open one, there might be some doubt whether the sentence, judgment or decree of the County Court from which the appeal, may be taken is not a final and not merely an interlocutory one, but a contrary construction has been put upon the act, and we do not feel at liberty to depart from it. In the case of Hunt v. Crowell, 6 N.C. 424, it was held by a majority of the Court that an appeal might be taken from an interlocutory order of the County Court granting leave to amend. So in the case of Harvey v. Smith, 18 N.C. 186, it was held not only to be competent, but the proper course for a party dissatisfied with the sentence of the County Court ordering the re-probate of a will to appeal at once from such order, without waiting for the final sentence upon such reprobate. But it is not every order which the County Court may make in the progress of a case that is the subject of an appeal;Chief Justice Taylor, in delivering his opinion in Hunt v.Crowell, admits this, but says that, "whenever the question presented to the County Court is such that a judgment upon it one way would put an end to the cause, it may be appealed from." We are disposed to adopt that rule, and it is decisive of the case before us. If the motion made in the County Court had been granted, it would have put an end to the case, but, being improperly refused, the plaintiff had a right immediately to appeal from the order of refusal. That there are some inconveniences attending the allowing of appeals from interlocutory orders of the County Court cannot be denied. They are clearly pointed out by Judge Daniel, in the dissenting opinion which he filed in the case above referred to of Hunt v. Crowell, but they are greatly overweighed by the advantage of getting a decision of the Superior Court upon a point which may determine the cause without putting the parties to the trouble, expense and *Page 15 
delay of waiting for a final judgment, before the appeal is taken. It was a sense of such advantage, no doubt, (4) which induced the Legislature, after providing in the act of 1818 (2 Rev. Code, ch. 962, sec. 4) that no appeal should be allowed to the Supreme Court except from the final sentence, judgment or decree of the Superior Court, to modify the law in relation to such appeals by giving to the judges of the Superior Courts, in the act of 1831 (Rev. St., ch. 4, sec. 23), the power to grant appeals from interlocutory orders, upon certain terms, whenever they might think proper so to do. Upon the whole, we think that the judgment of the Superior Court, refusing to dismiss the plaintiff's appeal and ordering a writ ofprocedendo to issue, directing the County Court to dismiss the defendant's appeal from that court, was right and ought to be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Russell v. Sanders, 48 N.C. 433; Johnson v. McDugald, 50 N.C. 307;Minor v. Harris, 61 N.C. 325.
(5)